a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MEDRIC AYCHE (#487663),              CIVIL ACTION NO. 1:17-CV-137-P
Plaintiff

VERSUS                               CHIEF JUDGE DRELL

JIMMY LEBLANC, ET AL.,               MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Medric Ayche ("Ayche") (#487663). Ayche has been granted leave to proceed *in forma pauperis*. (Doc. 8). Ayche is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Winn Correctional Center in Winnfield, Louisiana ("WCC"). Ayche names as defendants LaSalle Corrections Corporation, WCC, Keith Deville, Gary Coleman, Bobby Toller, Captain Curry, Daniel Corley, Sergeant Johnson, Captain Howard, Kevin Jordan, Patrick Crabtree, Detective Wiley, James LeBlanc, and John Doe.

## I.    Background

The original complaint filed in this case is a copy of a hand-written complaint filed in another suit by an inmate named Ernest Billizone, Sr. ("Billizone"). (Doc. 1). The complaint is deficient because it is a "group" complaint and was not submitted on an approved form. Ayche was instructed to submit an original, individual complaint on an approved form. (Doc. 3). Ayche submitted a complaint form, but

failed to provide a statement of his claim.  He merely wrote: "SEE ORIGINAL COMPLAINT." (Doc. 4).

The original complaint alleges specific factual allegations involving Billizone (Doc. 1, p. 5), as well as general claims that all WCC inmates are denied adequate medical care (Doc. 1, pp. 7-9); inmates' First Amendment rights are violated with respect to legal mail (Doc. 1, pp. 9-10), and; that inmates are overcharged for items (Doc. 1, p. 11). The deficient complaint seeks monetary damages, declaratory relief, and injunctive relief.

## II.    Instructions to Amend

### A.    Ayche must amend under Rule 8 of the Federal Rules of Civil Procedure.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Ayche cannot proceed with claims specific to Billizone. Ayche shall amend his complaint and provide:

> (1) the name(s) of EACH person who allegedly violated Ayche's constitutional rights;

(2) a description of what actually occurred AND what EACH defendant specifically did to violate Ayche's rights;

(3) the place and date(s) that EACH event occurred; and

(4) a description of the injury sustained as a result of EACH alleged violation.

If Ayche claims that his First Amendment rights have been violated with respect to his legal mail, he must provide specific allegations regarding how his rights were violated, by whom, when, and what injury he suffered. Ayche cannot simply reference allegations pertaining to Billizone.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). If Ayche claims that he, personally, was denied medical care, he must amend and state when he sought and was refused medical treatment, for what illness or injury, by whom treatment was denied, and what injury Ayche suffered as a result of the deprivation. Ayche must provide allegations of deliberate indifference regarding his serious medical needs.

III.    Conclusion

**IT IS ORDERED** that Ayche amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  6th  day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4